IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

OLDEN DIVIRGILIO[1],

    Plaintiff,
v.                                              CASE NO. 4:16-cv-201-WS-GRJ

CLERK OF COURT,
NEW CASTLE COUNTY
COURT of CHANCERY,
DELAWARE,

    Defendant.
_____/

## REPORT AND RECOMMENDAITON

Plaintiff, an inmate presently confined at Liberty Correctional Institution, initiated this case by filing a *pro se* complaint styled as a "petition for writ of mandamus," ECF No. 1.  The Complaint is deficient because Plaintiff failed to use the Court's form for state prisoners and failed to either pay the $400.00 civil case filing fee or file a motion for leave to proceed as a pauper.  Because it is clear that the Complaint is due to be summarily dismissed for lack of subject matter jurisdiction, Plaintiff will not

---

[1]Plantiff is identified on the docket as "Olden J. Divirgilo" but the Court takes judicial notice of the DOC's online inmate locator which reflect that his correct last name is "Divirgilio".

be required to correct these deficiencies.[2]

The Complaint seeks an order form this Court compelling a clerk of court in New Castle, Delaware, to provide Plaintiff with copies of documents relating to the estate or trusts of William Divirgilo. Plaintiff alleges that he is a beneficiary of such estate or trusts. ECF No. 1.

Federal courts are courts of limited jurisdiction that possess only that power authorized by the Constitution and federal statutes. *See, e.g., Delaware v. Van Arsdall*, 475 U.S. 673, 692 (1986). A plaintiff invoking the court's jurisdiction must establish the basis for such jurisdiction in the complaint. *See Taylor v. Appleton*, 30 F.3rd 1365, 1367 (11th Cir. 1994). It is well established that federal courts are obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking.[3]  Pursuant to 28 U.S.C. § 1332(a)(1), the Court has jurisdiction over cases where there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000. Further, the Court has subject matter

---

[2] Pursuant to the Prison Litigation Reform Act, a prisoner seeking to bring a civil action or appeal *in forma pauperis* shall pay the full amount of the filing fee. 28 U.S.C. § 1915(a)(b)(1). In the interest of judicial economy, the Court will not assess the fee at this time in view of the fact that there is no basis for exercising jurisdiction over Plaintiff's claims.

[3] *See Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. Fla. 2004).

jurisdiction over cases involving a federal question.[4]

Liberally construed, the allegations of the Complaint are insufficient to establish a basis for the exercise of federal subject matter jurisdiction with regard to an estate matter pending in Delaware. Plaintiff's claims arise under Delaware state law and do not present any cognizable federal question.

Further, this Court does not have jurisdiction to grant mandamus relief against a state court clerk. Federal mandamus is only available "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361; *see also Bailey v. Silberman,* 226 Fed. Appx. 922, 924 (11th Cir. 2007). "[A] federal court lacks the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought." *Moye v. Clerk, DeKalb County Superior Court*, 474 F. 2d 1275, 1276 (5th Cir. 1973).

Even if a federal court had jurisdiction over Plaintiff's claims, venue in this Court is improper. Venue is proper in a civil action only in a judicial district: (1) where any defendant resides, if all defendants reside in the

---

[4] 28 U.S.C. § 1331.

same state; (2) where a substantial part of the events or omissions giving rise to the claims occurred; or (3) if there is no district in which the action may otherwise be brought, any judicial district in which any defendant is subject to the court's personal jurisdiction. 28 U.S.C. § 1391(b).  The only Defendant identified in this case is in Delaware, and it appears that the events giving rise to Plaintiff's claims occurred in Delaware.  If Plaintiff had a cognizable federal claim against the Defendant, it would be pursued in the District of Delaware and not in this Court.

For the foregoing reasons, it is respectfully **RECOMMENDED** that this case be **DISMISSED** for lack of subject matter jurisdiction.

**IN CHAMBERS** in Gainesville, Florida, on the 5th day of April 2016.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  See 11th Cir. Rule 3-1; 28 U.S.C. § 636**.